FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 SEP 22 A 10: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Civil Action No. _____ |
| Plaintiff, | ) ) COMPLAINT    GBL/JFA |
| v. | ) ) JURY TRIAL DEMAND |
| MAXIMUS, INC., | ) ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Thelma Austin who was adversely affected by such practices. As alleged with greater particularity below, plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that defendant Maximus, Inc. ("Defendant"), committed unlawful employment practices by failing to promote Thelma Austin because of her disability in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the State of Virginia and the County of Alexandria, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Thelma Austin ("Ms. Austin") filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In or around January 2007, Ms. Austin was hired to work as a Client Services

Representative for Defendant.

9. On or about July 25, 2009, Ms. Austin suffered a stroke which caused significant impairments to the left side of her body, including temporary paralysis and weakness. Ms. Austin was hospitalized for approximately one month due to the stroke, and was cleared to return to work on October 5, 2009. Upon Ms. Austin's return to work, her left leg was not completely recovered and she walked with the assistance of a cane. On or around October 16, 2009, Ms. Austin's left leg gave way as a result of residual effects from the stroke, and Ms. Austin fell. As a result, she was again out of work on medical leave pending receipt of a leg brace. When Ms. Austin returned to work on or about November 9, 2009, she provided Defendant a medical clearance form that cleared her to work on a full-time basis and stated that Ms. Austin "is in need of physical therapy at some point." Ms. Austin wore the leg brace continuously and used a cane intermittently until the end of January 2010.

10. On or about July 24, 2009, the day before she suffered a stroke, Ms. Austin applied for a promotion to the position of Senior Client Services Representative. Upon her return to work on or around November 9, 2009, Ms. Austin was informed by one or more of Defendant's managers that while she was qualified for the Senior Client Services Representative position, she had not been selected due to her need for physical therapy. Specifically, Ms. Austin was told that Defendant was concerned that she might miss the mandatory training required for all individuals promoted to the position of Senior Client Services Representative.

11. Ms. Austin assured Defendant that if she in fact needed physical therapy during the period training was to be held, she would schedule the physical therapy sessions around the training sessions. She also assured Defendant that she would attend all of the required training. Despite her assurances that she could and would attend the training, Defendant disqualified Ms.

Austin from being promoted due to its unsubstantiated fear that she would need to miss some or all of the training in order to attend one or more physical therapy appointments. Defendant made no effort to evaluate the likelihood that Ms. Austin would in fact, miss training.

12. The training for the Senior Client Services Representative position was held on November 16 through November 21, 2009. Ms. Austin was at work and available to attend all of the mandatory training during that time. Ms. Austin would have attended the mandatory training but for Defendant's unlawful decision to disqualify her from the Senior Client Services Representative position based on the assumption that her disability would prevent her from attending training.

13. The effect of the practices complained of above has been to deprive Ms. Austin of equal employment opportunities and otherwise adversely affect her status as an employee because of actual or perceived impairments of Ms. Austin's neurological or circulatory functions or her musculoskeletal system. In the alternative, the effect of the practices complained of above has been to deprive Ms. Austin of equal employment opportunities and otherwise adversely affect her status as an employee because of Ms. Austin's record of physical impairments that substantially limited one or more of her major life activities.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Austin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

discriminating against employees or applicants with disabilities, and from failing to provide equal employment opportunities as required by the ADA, and any other employment practice which discriminates on the basis of disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to pay Thelma Austin appropriate back pay in amounts to be determined at trial and prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant to make Thelma Austin whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make Thelma Austin whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, frustration, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay Thelma Austin punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 22nd day of September, 2011.

                                            Respectfully submitted,

                                            EQUAL EMPLOYMENT OPPORTUNITY
                                            COMMISSION

                                            P. DAVID LOPEZ
                                            General Counsel

                                            JAMES L. LEE
                                            Deputy General Counsel

                                            GWENDOLYN YOUNG REAMS
                                            Associate General Counsel

                                            TRACY HUDSON SPICER
                                            Supervisory Trial Attorney
                                            Equal Employment Opportunity Commission
                                            131 M Street, N.E.
                                            Washington, D.C. 20507

                                            LYNETTE A. BARNES
                                            Regional Attorney
                                            Charlotte District Office
                                            129 W. Trade Street, Suite 400
                                            Charlotte, N.C. 28202
                                            NC Bar No. 19732

                                            */s/ Edward O'Farrell Loughlin*
                                            EDWARD O'FARRELL LOUGHLIN
                                            Trial Attorney
                                            Washington Field Office
                                            131 M Street, N.E., Suite 4NW02F
                                            Washington, DC 20507
                                            edward.loughlin@eeoc.gov
                                            Phone: (202) 419-0748
                                            Fax: (202) 419-0739
                                            Virginia State Bar No. 70182

                                            ATTORNEYS FOR PLAINTIFF