FILED
AUG 10 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. MAXIMUS, INC. Defendant. | CIVIL ACTION NO. 1:11-cv-01022 (GBL/JFA) CONSENT DECREE |

The United States Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

The EEOC's complaint alleged that Defendant MAXIMUS, Inc. ("Defendant") committed unlawful employment practices in violation of the ADA by failing to promote Thelma Austin because of her disability in violation of the ADA.

By entering into this Consent Decree, Defendant does not admit the allegations contained in the EEOC's Complaint, nor does the EEOC disavow the allegations contained in the Complaint.

The EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by this entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability, including, but not limited to promotion.

2. Defendant shall pay Charging Party Thelma Austin a total sum of $50,000.00 in settlement of the claims raised in this action. The sum shall be remitted in two separate checks. One check shall be in the sum of $9,076.94, less applicable withholdings, which shall be for backpay and for which Defendant will issue the appropriate IRS W-2 Form. The second check shall be in the sum of $40,923.06, which shall be for compensatory damages and for which Defendant shall issue an IRS 1099 Form. Defendant shall make payment by issuing these checks directly to Thelma Austin. Payment shall be made within ten (10) business days after the Court's entry of this Consent Decree, and Defendant shall send both checks to Ms. Austin by certified mail at an address provided by the EEOC. Within fifteen (15) business days after the checks have been sent, Defendant shall provide the EEOC with a copy of the checks and proof of either their delivery or attempts at delivery to Thelma Austin. If Defendant is unsuccessful in delivering the checks to Ms. Austin pursuant to the terms of this paragraph, within fifteen (15) days of being notified that Defendant's delivery attempts failed, Plaintiff shall notify Defendant of a new procedure to accomplish delivery of the checks to Ms. Austin.

3. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Thelma Austin any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 570-2010-00545, the filing of this lawsuit (*EEOC v. MAXIMUS, Inc.*, 1:11-cv-01022) and the related events that occurred thereafter. Notwithstanding the above, Defendant may retain in a file separate and apart from Ms. Austin's

employment records, a record of: (i) all payments made to Ms. Austin in satisfaction of the Consent Decree and (ii) all communications and/or transmissions related to any and all such payments. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

4. Defendant has a written anti-discrimination policy in place (marked Attachment A and hereby made part of this Decree) that it shall maintain throughout the term of this Consent Decree. Additionally, Defendant's practice is to distribute the policy to all new employees, and Defendant shall maintain this practice during the term of this Decree. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall redistribute its anti-discrimination policy to each of its current employees employed at its McLean, Virginia location. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall report compliance of this provision to the Commission.

5. During the term of this Consent Decree, Defendant shall post, and shall keep posted, in a conspicuous place within its McLean, Virginia location, where it is visible to all employees, a copy of the policy described in paragraph four (4) above. Within forty-five days after the Consent Decree is entered by the Court, Defendant shall post the policy and notify the EEOC that it has been posted.

6. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees that are employed at its McLean, Virginia location. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination in the workplace and the requirement that employers provide equal employment opportunities to qualified individuals with disabilities. Each training program shall also include an explanation of the policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

7. The first training program shall be completed within one hundred and twenty (120) days after entry of the Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least ten (10) business days prior to each program, Defendant shall provide the EEOC with an agenda for the training program. Within ten (10) business days after completion of each training program, Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

8. Within thirty (30) days after the entry of this Decree by the Court, Defendant shall conspicuously post the attached EEOC Notice, marked Attachment B and made a part of this Decree, in a place where it is visible to employees at its McLean, Virginia location. If the EEOC Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the EEOC Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the EEOC that the EEOC Notice has been posted pursuant to this provision. This Notice shall remain posted for one year (1) from the date of the Court's entry of this Consent Decree.

9. During the term of this Consent Decree, Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due five (5) months after the Court's entry of this Consent Decree. Each report shall contain the information set forth below:

a. the identity of any individual working at its McLean, Virginia location who: (1) has a physical or mental impairment known to Defendant that substantially limits one or more major life activities of the individual; or (2) has a record of a physical or mental impairment known to Defendant that substantially limits one or more major life activities of the individual; or (3) has a physical or mental impairment known to Defendant that becomes the basis of any employment action taken or employment decision made by Defendant with regard to that individual; <u>and</u> (4) who has applied for a promotion or transfer with Defendant. For any and all such individuals, Defendant shall provide the information set forth in the remaining subparts of paragraph 9 (subparts b-d);

b. the identity of the individual, by way of identification, each person's name, address, telephone number, current position, and position sought:

c. for each individual identified in paragraph 9.b., provide a copy of the job description for the position the individual applied for promotion or transfer into and indicate whether the individual received the sought promotion or transfer;

d. for any individual identified in paragraph 9.b. above who did not receive the promotion or transfer, state the specific reasons why the individual(s) did not receive the promotion or transfer and the names and the position(s) of the individual(s) who decided not to promote or transfer the individual(s).

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity.

10. The EEOC may review compliance with this Consent Decree. As part of such review, the EEOC may inspect Defendant's McLean, Virginia location without prior notice to verify the posting and maintenance of Attachments A and B by Defendant as required by paragraphs 5 and 8 of this Consent Decree. The EEOC agrees to provide Defendant with at least seventy-two (72) hours notice to Defendant's General Counsel, David R. Francis, Esq. at davidfrancis@maximus.com or to Defendant's legal counsel, Gregory D, Grant, Esq. at ggrant@shulmanrogers.com, if it is necessary to interview Defendant's employees working at is McLean, Virginia location or examine and/or copy any records that Defendant is required to maintain pursuant to the terms of this Consent Decree.

11. If anytime during the term of this Consent Decree, the EEOC believes that Defendant is in violation of the Consent Decree, the EEOC shall give notice of the alleged violation to Defendant, by notifying Defendant's General Counsel, David R. Francis, Esq. at davidfrancis@maximus.com or to Defendant's legal counsel, Gregory D, Grant, Esq. at ggrant@shulmanrogers.com. Defendant shall have fifteen (15) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of

fifteen (15) business days or such additional period as may be mutually agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC pursues any remedy provided by law.

12. The term of this Consent Decree shall be for thirty (30) months from its entry by the Court.

13. All reports or other documents sent to the EEOC by Defendant pursuant to this Consent Decree shall be sent to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov or (2) if by regular mail - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorneys' fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate. The Consent Decree shall expire by its own terms at the end of thirty (30) months from its date of entry by the Court without further action by the parties.

The parties jointly request that the Court enter and approve this Consent Decree.

Entered this 10th day of Aug, 2012. This case is ordered stricken from the active docket.

/s/
Gerald Bruce Lee
United States District Judge

UNITED STATES DISTRICT COURT JUDGE

Alexandria, Virginia

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES J. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney

TRACY HUDSON SPICER
Supervisory Trial Attorney


s/Edward O. Loughlin
EDWARD O'FARRELL LOUGHLIN
(Virginia Bar No. 70182)
Equal Employment Opportunity Commission
131 M. Street, NE, 4th Floor
Washington, D.C. 20507
Telephone: (202) 419-0748
Facsimile: (202) 419-0739
Email: edward.loughlin@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**


s/Gregory D. Grant
Gregory D. Grant
(VA Bar No. 31784)
Attorney for Defendant MAXIMUS, Inc.
SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Phone: 301.230.6578 or 703.684.5200
Fax: 301.230.2891
ggrant@shulmanrogers.com

**ATTORNEYS FOR DEFENDANT**

| Administrative Policy | |
|---|---|
| Subject: Equal Employment Opportunity | Approved by: Mark Andrekovich and Richard Montoni |
| Reference Number: EM.2.2 | Date: 1/29/2007 |

**Purpose:** 2.2.1. This policy establishes the MAXIMUS commitment to Equal Employment Opportunity for all employees and in all hiring decisions.

**Revision History:** 2.2.2.

| Date | Rev. No. | Change | Reference Sections |
|---|---|---|---|
| 1/2007 | 1. | New Policy Drafted | n/a |

**Scope:** 2.2.3. This policy applies to all MAXIMUS employees, officers, directors, and consultants affiliated with all business units, including majority owned subsidiaries and joint ventures.

**Policy:** 2.2.4. MAXIMUS is an equal opportunity employer. We subscribe to the concept of equal employment opportunity as a matter of sound business policy, as well as public responsibility and compliance with the Federal Government's Equal Opportunity Program, as established by law.

2.2.5. It is the policy of MAXIMUS to recruit, hire, train and promote persons in all segments of its workforce without regard to race, color, gender, age, religious beliefs, national origin, disability, veteran status, sexual orientation or any other status protected by law, except where gender is a bona fide occupational requirement, or where handicap is a bona fide occupational disqualification.

2.2.6. Employment decisions will be made consistent with the principle of Equal Employment Opportunity. Promotions will result from performance and the application of valid requirements and will be in accord with the principles of equity and fairness.

2.2.7. All personnel actions, including compensation, employee benefits, transfers, training, layoff, recall and social and recreational programs will be administered fairly and without prejudice to any employee because of race, color, gender, age, religious beliefs, national origin, disability, veteran status, sexual orientation or any other status protected by law.

**Definitions:**

**Procedure:** 2.2.8. Employees who believe that they have been discriminated against at MAXIMUS on the basis of a protected status, should report the issue immediately so that an investigation can be conducted and appropriate

ATTACHMENT A

action taken. Employees may report the situation to their manager or, if it would be uncomfortable or inappropriate to do so, they may contact a Human Resources Representative or the MAXIMUS Ethics Hotline at 1-800-350-2017.

2.2.9. MAXIMUS will not tolerate any type of retaliation against an employee who raises a complaint concerning possible workplace discrimination. Employees are encouraged to raise any such concerns or complaints without fear of retaliation.

**Responsibility:** 2.2.10. Please contact the Corporate Equal Employment Opportunity Coordinator, within the Human Resources Department, with any questions regarding this policy.

**References:**

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

MAXIMUS, INC.

Defendant.

# NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and MAXIMUS, Inc. The EEOC alleged that MAXIMUS, Inc. discriminated against a former employee by failing to promote her because of her disability or perceived disability. MAXIMUS, Inc. has denied the allegations contained in the EEOC's Complaint and the EEOC has not disavowed its allegations. The EEOC and MAXIMUS, Inc. chose to resolve this dispute without the additional burden, expense, delay and uncertainty associated with litigation. As part of their settlement, the EEOC and MAXIMUS, Inc. agreed to certain actions, including the posting of this Notice.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. MAXIMUS, Inc. has affirmed its willingness to comply with such federal laws in all respects. Furthermore, MAXIMUS Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NW, 4th Floor
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

DO NOT REMOVE THIS NOTICE UNTIL: ______ 2013.

ATTACHMENT B